RECEIVED APR 18 2017 BY MAIL

FILED
APR 18 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
_____ DIVISION

# 4:17CV1356 DDN

I.  Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.  Name of plaintiff: Jerry Carter
    ADC # 40855-044
    Address: Forrest City (Low), FCI, Post office Box 9000, Forrest City, AR 72336-9000

    Name of plaintiff: _____
    ADC # _____
    Address: _____

    Name of plaintiff: _____
    ADC # _____
    Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B.  Name of defendant: Lawrence O Took
    Position: Detective
    Place of employment: St. Louis Metropolitan Police Department
    Address: — unknown

    Name of defendant: Anthony Mocca
    Position: Detective
    Place of employment: Florissant Police Department

Address: unknown

Name of defendant: Scott Marlaw

Position: Scott Marlaw - DEA Agent

Place of employment: DEA

Address: —

Name of defendant: Jeffrey Goldfarb

Position: Lawyer

Place of employment: Probono Public Defender

Address: _____

II. Are you suing the defendants in:

☐ official capacity only
☐ personal capacity only
☑ both official and personal capacity

III. Previous lawsuits

A    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___    No ✓

B.   If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐    Parties to the previous lawsuit:

Plaintiffs: _____

Defendants: _____

☐    Court (if federal court, name the district; if state court, name the county):

2

☐ Docket Number: _____

☐ Name of judge to whom case was assigned: _____

☐ Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

☐ Approximate date of filing lawsuit: _____

☐ Approximate date of disposition: _____

IV. Place of present confinement: _Forrest City Law_

V. At the time of the alleged incident(s), were you:
(check appropriate blank)

✓ in jail and still awaiting trial on pending criminal charges

___ serving a sentence as a result of a judgment of conviction

___ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

VI. There is a prisoner grievance procedure in the Arkansas Department of Corrections. Failure to complete the grievance procedure may affect your case in federal court.

A. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ___ No ✓

B. If your answer is YES, attach copies evidencing completion of the final step of the grievance appeal procedure. FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.

C. If your answer is NO, explain why not: _Does not apply._

3

VII. Statement of claim

State here (as briefly as possible) the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.) False imprisonment and malicious prosecution

1. On March 27, 2014 Petitioner Jerry Carter had an evidentiary hearing on Petitioner's motion to suppress before United States Magistrate Shirley Mensah.

2. Plaintiff's counsel Jeffrey Goldfarb agreed that the Plaintiff's suppression motion could be decided on the written submissions of the parties.

3. Trial counsel Jeffrey Goldfarb assisted the government in the termination of the evidentiary hearing by writing a false accusation asserting that the truth about the Plaintiff is that he sold drugs to a DEA Program called The National Drug Threat Assessment Program.

4. Trial counsel Jeffrey Goldfarb also omitted an exculpatory DEA Six Report, made May 24, 2013, from the United States Magistrate and the Plaintiff that would have exonerated the Petitioner.

5. Detective Lawrence O'Toole, DEA Agent Scott Marlow and Detective Anthony Mocca in there official capacities deceived the court into believing the plaintiff sold drugs in controlled buys on May 21, 2013 and May 22, 2013 at 5622 Delmar relying on a DEA Six Form with the address 5400 Enright and the indexing of an unknown suspect for the purpose of using fake documentation to trick the court into believing controlled buys actually occured that did not.

4

6. The prosecution and trial counsel remained silent about the DEA Six Report. Detective Lawrence O Toole lied on the Plaintiff to the courts testifying he watched the DEA perform controlled buys with the Plaintiff Jerry Carter at 5622 Delmar on May 21, 2013 and May 22, 2013.

7. The official DEA documentation in the form of DEA Six Report related to May 22, 2013 shows that Lawrence O Toole did not watch the DEA conduct controlled buys at 5622 Delmar on May 22, 2013 with Jerry Carter.

8. Detective Lawrence O Toole testified in deposition taken in behalf of the Plaintiff Jerry Carter that he did not document the controlled buys and that any documentation would have been done buy the DEA.

9. Detective Lawrence O Toole omitted information from the court concerning the controlled buys.

10. Detective Lawrence O Toole acted in his official capacity when he omitted DEA controlled buy information related to May 21St and 22ND of 2,013 from the court when he was trying to obtain a search warrant from Judge Thomas Clark.

11. Detective Lawrence O Toole wrote false statements in the affidavit in support of the search warrant submitted May 24, 2013 which caused Judge Thomas Clark to order a search of the plaintiff's home based on false conclusions that is not supported by the record.

12. Trial counsel Jeffrey Goldfarb and the prosecution caused Magistrate Shirley Mensah to make conclusions that are not supported by the record. The conclusions led to the termination of the Petitioners evidentiary hearing which would have exonerated the Plaintiff Jerry Carter.

13. Detective Lawrence O Toole testified December 20, 2013 during the deposition taken in behalf of Jerry Carter when questioned when he applied for the search warrant in state court, he didn't indicate anything there in that warrant application about a controlled buy, " No. Again, that was not my controlled buy and the DEA did not necessarily want every one to know they were doing controlled buys for quality testing purposes."

13. Detective Lawrence O Toole omitted the information in behalf of the DEA according to his testimony at deposition to receive a search warrant without allowing the issuing judge, Thomas Clark, an opportunity to make an independent finding of probable cause as required by law.

14. The prosecution and the Plaintiff's trial counsel Jeffrey Goldfarb next hid the DEA Six documentation from the magistrate Shirley Mensah and the Plaintiff during the Plaintiff's evidentiary hearing that revealed Detective Lawrence O Toole did not witness controlled buys at 5622 Delmar on May 22, 2013 according to the governments documentation in the form of a DEA Six Report.

15. The prosecution and the trial counsel Jeffrey Goldfarb then remained silent or omitted the DEA Six Report related to May 22, 2013 from the trial Judge John A. Ross during the pretrial proceeding when he was making the decision to allow the controlled buys in as 404(b) evidence that actually occurred.

16. The prosecutor lied to the trial judge Honorable John A Ross when asked if there were any breaks in the surveillance by responding there were no breaks in the surveillance from

start to finish while knowing the DEA Six Report revealed that on May 22, 2013 the DEA agents who documented the controlled buys documented they were at 5400 Enright instead of 5622 Delmar with an unknown suspect instead of the plaintiff Jerry Carter.

17. Trial counsel Jeffrey Goldfarb hid all information in the DEA Six Report related to the unidentified suspect labeled "Nephew" from the court and the Plaintiff through out all of the trial proceedings.

18. Trial counsel Jeffrey Goldfarb made mention of the false address 5400 Enright during the trial for the first time to the jury leaving the jury under the false impression the associated address 5400 Enright was the only inconsistencies in the prosecutions case. Trial counsel Jeffrey Goldfarb remained silent concerning the unidentified suspect in the DEA Six Report related to May 22, 2013.

19. The Plaintiff was not advised of the FNU-LNU in the governments DEA Six Report. The government violated Brady when the prosecution failed to inform the court and the plaintiff of the FNU LNU exculpatory information documented by the DEA agents concerning May 22, 2013.

20. Plaintiff Jerry Carter received the exculpatory DEA Six Report information showing an unknown suspect at 5400 Enright was associate to him in this case and replaced by my personal indexing through the filing of the freedom of information act with the DEA.

VIII. Relief

    State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

    Release from custody or injunctive releif, compensatory and punitive damages.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this __14__ day of __April__, 20__17__.

_____
Signature(s) of plaintiff(s)