# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERRY CARTER. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV1356 HEA |
| | ) |
| LAWRENCE O'TOOLE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of pro se plaintiff Jerry Carter, an inmate of the Federal Bureau of Prisons at the Forrest City Low Federal Correctional Institution, for leave to proceed in forma pauperis. (Docket No. 5). The Court has reviewed the financial information plaintiff submitted in support, and has determined to grant the motion. In addition, for the reasons explained below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and a document signed by the authorized officer at the Forrest City Low Federal Correctional Institution, averring that plaintiff's account balance is $27.85. The Court will therefore assess an initial partial filing fee of $5.57, which is twenty percent of plaintiff's account balance, and an amount the Court determines to be reasonable. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed

without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are police detectives Lawrence O'Toole and Anthony Mocca, DEA Agent Scott Marlow, and plaintiff's former criminal defense attorney, Jeffrey Goldfarb. Plaintiff sues all defendants in their official and individual capacities. Because plaintiff names a federal officer as a defendant, the Court construes the complaint as having also been brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

Plaintiff's allegations all stem from his prior criminal proceedings in this Court in the case of *United States v. Carter*, Case No. 4:13-cr-334-JAR (E.D. Mo. Jul. 2, 2014). The Court takes judicial notice of the records in these related proceedings, which are not inconsistent with the allegations in the complaint, for the purpose of establishing the facts leading up to this action. *MacMillan Bloedel, Ltd. v. Flintkote Co.*, 760 F.2d 580, 587-88 (5th Cir. 1985) (A court may take judicial notice of records of related proceedings before the same Court).

On May 24, 2013, officers with the St. Louis Metropolitan Police Department submitted to St. Louis County Circuit Judge Thom Clark a complaint and affidavit in support of a search warrant for plaintiff's residence. The affidavit contained, *inter alia*, information from a confidential informant who said s/he had observed plaintiff in possession of illegal drugs and a

---
[1] A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

3

firearm inside the residence. Judge Clark issued a search warrant, which was executed on May 29, 2013 and yielded a loaded gun, heroin, and drug paraphernalia. Following a jury trial, plaintiff was convicted of intent to distribute heroin, possessing a firearm in furtherance of a drug-trafficking crime, and being a felon in possession of a firearm, on the basis of the evidence recovered during the search of his home. On December 5, 2014, plaintiff was sentenced to concurrent and consecutive terms of imprisonment that resulted in an aggregate sentence of 130 months. Plaintiff appealed to the Eighth Circuit Court of Appeals, but on October 14, 2015, the Court affirmed plaintiff's convictions and sentences. *United States v. Carter*, 618 Fed. Appx. 298 (8th Cir. 2015). On February 26, 2015, plaintiff filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was dismissed without prejudice because plaintiff's appeal was still pending. *Carter v. United States*, Case No. 4:15-cv-389-JAR (E.D. Mo. Apr. 2, 2015). On January 7, 2016, plaintiff filed a second motion to vacate pursuant to 28 U.S.C. § 2255. *Carter v. United States*, Case No. 4:16-cv-25-JAR (E.D. Mo. Jan. 7, 2016). As of the date of this Memorandum and Order, that motion remains pending.

In the instant complaint, plaintiff states that he intends to bring claims of "false imprisonment and malicious prosecution." (Docket No. 1 at 4). Plaintiff then sets forth facts in support of his claims. He alleges that defendants omitted, ignored, or concealed exculpatory evidence and information that would have exonerated him; that prosecutors and Goldfarb caused the Magistrate Judge to make conclusions that led to the termination of an evidentiary hearing that would have exonerated him; that O'Toole, Marlow and Mocca deceived the Court into believing plaintiff sold drugs; and that O'Toole wrongfully procured the search warrant that yielded the drugs and firearm he was convicted of possessing. As relief, plaintiff asks to be

released from custody. He also seeks compensatory and punitive damages in an unspecified amount.

**Discussion**

As an initial matter, the Court notes that it cannot entertain plaintiff's request for expedited release from custody in this non-habeas civil case. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973) (a federal court cannot entertain a request for release from custody in a non-habeas civil action); *see also Heck v. Humphrey*, 512 U.S. 477, 481 ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.").

Plaintiff's false imprisonment and malicious prosecution claims are barred by the doctrine of *Heck v. Humphrey*. In *Heck*, the Supreme Court held that a prisoner's claim for damages related to a conviction or sentence that has not been reversed, expunged, or called into question by a writ of habeas corpus is not cognizable under § 1983. *Id.* at 486–87 (in order to recover damages for allegedly unconstitutional imprisonment, a prisoner must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). To determine whether a prisoner's suit may proceed, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Federal courts have consistently applied the principles of *Heck* in *Bivens* actions by federal prisoners. *See Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (Table Disposition).

Plaintiff's claims of false imprisonment and malicious prosecution necessarily imply the invalidity of his convictions and sentences. Were this Court to find, as plaintiff asserts it should, that the defendants omitted, ignored, or concealed exculpatory evidence and information that would have exonerated him or caused the Magistrate Judge to make conclusions that led to the termination of an evidentiary hearing that would have exonerated him, or that O'Toole, Marlow and Mocca took various deceptive actions to secure plaintiff's convictions, the result would necessarily imply the invalidity of his convictions and sentences.

To the extent plaintiff can be understood to assert a Fourth Amendment claim against O'Toole concerning the search warrant affidavit, such claim is also *Heck*-barred. The Court recognizes that Fourth Amendment claims are not categorically barred by *Heck*. Here, however, plaintiff was convicted of, *inter alia*, possessing the drugs and the gun produced by the search. Plaintiff does not allege, nor is it apparent, that this evidence could have been obtained by means other than searching his home, or that an independent source could have led to the inevitable discovery of the evidence. Instead, plaintiff suggests that his convictions and his imprisonment are unconstitutional because the search warrant was wrongfully procured. If plaintiff were to prevail on this claim, the result would necessarily imply the invalidity of his convictions and sentences.

Because plaintiff has not demonstrated that his convictions or sentences have been reversed, expunged, or called into question by a writ of habeas corpus, his claims are barred by *Heck v. Humphrey*, and the complaint will be dismissed. However, this dismissal will be without prejudice, in order to allow plaintiff to refile if and when he satisfies the *Heck* requirements. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (*per curiam*) (a *Heck* dismissal should be without prejudice so the plaintiff can refile if he satisfies the *Heck* requirements).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $5.57 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of September, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE